**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| UNITED STATES OF AMERICA (Rural Development, formerly known as the Farmers Home Administration),<br><br>                      **Plaintiff,**<br><br>      v.<br><br>LAMAR C. MAULDIN, surviving spouse of THERESA MATHURIN, also known as Theresa Sonya Mathurin Mauldin, deceased, the unknown heirs, devisees, grantees, assignees, lienors, creditors, trustees, or other claimants by, through, under or against Theresa Mathurin, deceased; and all other parties having a claim, right, title, or interest in the property herein,<br><br>                      **Defendants.**<br>_____ | 1:18-cv-00033 |

TO:    Angela P. Tyson-Floyd, Esq., AUSA
         Lamar C. Mauldin, *Pro Se*
           14870 Gilbert St., Unit A
           Choctaw, OK  73020-8742

**MEMORANDUM OPINION**

THIS MATTER is before the Court[1] upon Plaintiff United States of America's ("Plaintiff") "Motion For Default Judgment Against All Unknown Defendants and for Summary Judgment Against Defendant Lamar C. Mauldin" (ECF No. 21). On January 14, 2020, the Court granted Defendants an additional week to submit their responses. (ECF No.

---

[1] The parties consented to having this case referred to the Magistrate Judge to conduct all proceedings, including trial (ECF No. 7). The matter then was referred by Chief Judge Wilma A. Lewis to the undersigned by Order (ECF No. 8), entered November 13, 2018.

24). Defendant Lamar C. Mauldin ("Mauldin") submitted a "Response Brief" (ECF No. 26 at 1) that was dated January 17, 2020, docketed on January 22, 2020, and in which he stated "[t]here is no objection to the proceedings of this Court."

## I. FACTUAL AND PROCEDURAL HISTORY

On or about February 26, 1993, Theresa Mathurin ("Mathurin"), now deceased, executed and delivered to the United States, acting through Rural Development, also known as the Rural Housing Service, f/k/a the Farmers Home Administration, an agency of the U.S. Department of Agriculture, a promissory note ("Note") in which she promised to pay the United States the principal sum of Eighty Five Thousand dollars ($85,000.00), plus interest at the rate of 7.75000 percent per annum in monthly installments beginning June 26, 1993 (ECF No. 11-1). Also on February 26, 1993, as security for payment of the Note, Mathurin executed and delivered to the United States a real estate mortgage (the "Mortgage") encumbering the following described real property located on St. Croix in the Territory of the United States Virgin Islands:

> Plot No. 142, consisting of 0.230 U.S. Acres, more or less, of Estate Humbug, King Quarter, St. Croix, as more fully shown in PWD Drawing No. 3254 dated December 2, 1975 as revised March 13, 1978[2]

(the "Property"). By its terms, the Mortgage secures payment of the indebtedness owed by Mathurin to Plaintiff under the Note. The Mortgage was recorded in the Office of the Recorder of Deeds for St. Croix on February 26, 1993, at Official Record Book 458, page 215,

---

[2] The description of the property is referenced in a Quitclaim Deed between Uriel Caleb and Theresa Mathurin executed on February 26, 1993. (ECF No. 23-3).

Doc. No. 1079/1993. (ECF No. 21-1 at 2). On or about February 26, 1993, Mathurin also entered into a Subsidy Repayment Agreement with the United States providing for the United States to recapture interest credits granted to Mathurin upon foreclosure of the Mortgage. (ECF No. 11-3).

On or about June 27, 1997, Mathurin and Plaintiff entered into a Reamortization and/or Deferral Agreement ("Reamortization Agreement"), which provided that a payment in the amount of $638.00 would be due and payable on July 26, 1997, and that thereafter, monthly installments in the amount of $638.00, would be due and payable on the 26th day of each month, with the final installment on the indebtedness due and payable on February 26, 2026, if not sooner paid. (ECF No. 11-4). Mathurin died intestate on May 10, 2001, with title to the property in her name at the time of her death. (ECF No. 11-5). Mauldin has an interest in the aforesaid real property as the surviving spouse of Mathurin. (ECF No. 23 at 2, ¶ 6). Mathurin had no children at the time of her death, and her parents are now deceased. (ECF No. 23-5 at ¶¶ 5-9). Mauldin attempted to probate his wife's estate, but his attempts were unsuccessful. (*Id.* at ¶¶ 6-11).

Nobody has paid the monthly installment due on February 26, 2012, or any other subsequent installment. (ECF No. 23 at 3, ¶ 15). Plaintiff filed this action on July 27, 2018 to foreclose on the Mortgage. (ECF No. 1). Mauldin answered on October 23, 2018. (ECF No. 4). Plaintiff filed an Amended Complaint on April 12, 2019 (ECF No. 11), and Mauldin answered on May 6, 2019 (ECF No. 12). Notice of this action was then published in the St. Croix Avis, a newspaper of general circulation in the Virgin Islands to identify any other heirs,

devisees, grantees, lien holders, creditors, trustees, or other claimants, claiming any right, title or interest in the Property. (ECF Nos. 18, 18-1). As of the date of Plaintiff's motion, no answer or responsive pleading has been filed by the Unknown Defendants. (ECF No. 23-1 at ¶¶ 2-3; ECF No. 23-5 at ¶¶ 5-13).

On November 1, 2019, the Clerk of the Court entered defaults against defendants "the unknown heirs, devisees, grantees, assignees, lienors, creditors, trustees, or other claimants by, through, under or against the deceased borrower, Theresa Mathurin, and all other parties having a claim, right, title, or interest in Plot No. 142, Estate Humburg, St. Croix, U.S. Virgin Islands" (the "Unknown Defendants") for failure to answer, plead, or otherwise defend this action. (ECF No. 20).

As of November 15, 2019, the debt owed to Plaintiff is as follows: principal in the amount of $65,780.93; interest in the amount of $39,136.05, and costs and fees in the amount of $44,609.84, for a total indebtedness of $149,526.82. The current total indebtedness includes interest and fees that have accumulated on the debt since the last certificate of indebtedness (ECF No. 11-7) was filed with the United States' Amended Complaint of Foreclosure on April 12, 2019. (ECF No. 11). Interest continues to accrue at the rate of 7.7500 percent ($13.9671 per diem) until the date of judgment.

## II. APPLICABLE LEGAL PRINCIPLES

### A. Default Judgment

Default judgment may be entered "against a properly served defendant who fails to file a timely responsive pleading." *Bank of Nova Scotia v. Davis*, Civil No. 20017-41, WL

4355177, at *4 (D.V.I. Sept. 11, 2018) (citing Fed. R. Civ. P. 55(b) and quoting *Anchorage Assoc. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)).

Further, as this Court has held:

> An application for entry of default judgment must contain evidence, by affidavits and documents, of: "(1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the Soldiers' and Sailors' Civil Relief Act." *Int'l Union of Painters and Allied Trades Dist. Council 711 Health and Welfare, Vacation and Finishing Trades Inst. Funds v. Village Glass, Inc.,* 2012 WL 209076, at *1 (D.N.J. Jan. 3, 2012); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009); *Turk v. Invacare Corp.,* 2010 WL 4740196, at *3 (W.D. Pa. Nov. 16, 2010). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa,* 210 F.3d 154, 164 (3d Cir. 2000).

*Idewu v. Sealey*, Civil Action No. 2011-038, 2012 WL 944781, at *2 (D.V.I. Mar. 19, 2012).

### B.  Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also, e.g., Conklin v. Anthou*, No. 12-1466, 2012 WL 3802281 at *2 and n.4 (3d Cir. Aug. 30, 2012) (unpublished) (slip copy). "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). As the United States Supreme Court has stated, "[A]t the summary judgment stage the judge's function is not

himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making this determination, the Court draws all reasonable inferences in favor of the non-moving party. *See, e.g., Bd. of Educ. v. Earls*, 536 U.S. 822, 850 (2002); *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

"'Generally, debt actions are well suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment.'" *Flagstar Bank, FSB v. Lyles*, 2017 WL 987448, at *3 (D.V.I. March 14, 2017) (internal quotation marks and citations omitted). To succeed on a debt and foreclosure action, the plaintiff must show: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Id.* (internal quotation marks and citations omitted); *see also Anthony v. FirstBank Virgin Islands*, 2013 WL 211707, at *5, 58 V.I. 224 (V.I. 2013) (quoting *Thompson v. Florida Wood Treaters, Inc.*, 2009 WL 4730784, at *3 (D.V.I. Dec. 6, 2009)); Am. Jur. 2d Mortgages § 633 (2008) (foreclosure requires valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

### III. DISCUSSION

#### A. Default Judgment Against the Unknown Defendants

Plaintiff has submitted the Note, Mortgage, and a Reamortization and Deferral Agreement signed by Mathurin, which show that she promised to pay the debt owed, and pledged the Property as security for the debt. Additionally, Mathurin agreed that Plaintiff

would recoup any subsidies provided to her in the event of her default. Thus, Plaintiff has the authority to foreclose on the Property that serves as security for Mathurin's debt.

The Court has considered the *Chamberlain* factors and finds that each factor weighs in favor of default judgment. *See Chamberlain*, 210 F.3d at 164 (identifying prejudice to plaintiff if default is denied, existence of a litigable defense, and defendant's culpability in the default as the three factors courts consider to determine whether to grant default judgment). Specifically, the Court finds that Plaintiff is likely to be prejudiced if default judgment is denied given that 1) the Unknown Defendants have failed to answer any correspondence from Plaintiff and 2) Plaintiff has no other remedy at law or equity to recoup payment of its debt other than to foreclose and sell the Property. *See United States v. Jamison*, 2015 WL 3797996, at *6 (D.V.I. June 17, 2015) (finding that denial of the motion for default judgment would prejudice the plaintiff "given [the d]efendant's failure to answer any correspondence from [the p]laintiff"). In addition, despite notice of this action by publication in a newspaper of general circulation in the U.S. Virgin Islands, the Unknown Defendants have failed to appear and/or raise any defenses in this matter. Their unresponsiveness to this action demonstrates their culpability in the default. *See World Ent'mt Inc. v. Brown,* 487 F. App'x. 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia,* failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Hritz v. Woma Corp.,* 732 F.2d 1178, 1183 (3d Cir. 1984) (finding that culpability requires "more than mere negligence" and that "[r]eckless disregard for repeated communications from plaintiffs and the court ... can satisfy the culpable conduct

standard"); *Cohen v. Gabriel Enters., Inc.,* 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Accordingly, default judgment against the Unknown Defendants is appropriate.

### B.  Summary Judgment Against Defendant Lamar C. Mauldin

The essential facts as to Plaintiff's claim against Mauldin are undisputed.  Mauldin has an interest in the real property at issue as the surviving spouse of Mathurin.  *See* V.I. Code Ann., tit. 15, § 84(4) ("If the deceased leaves a surviving spouse, and no descendant, parent, brother or sister, nephew or niece, the surviving spouse shall be entitled to the whole thereof").  Mauldin's interest, however, is inferior and subordinate to that of Plaintiff.

Plaintiff has submitted a copy of the Note, dated February 26, 1993, executed by Mathurin, in which she promised to pay Plaintiff the principal sum of $85,000.00, plus interest at the rate of 7.75 percent per year in monthly installments. (ECF No. 1-1).  Plaintiff also submitted a copy of the Mortgage, dated February 26, 1993, executed by Mathurin to secure payment on the Note.  (ECF No. 1-2).  In his Answer, Mauldin admitted that Mathurin executed the Note and Mortgage.  (ECF No. 4 at ¶¶ 6-7).  Accordingly, there is no genuine dispute of material fact as to whether Mathurin executed these documents, and Plaintiff has satisfied the first requirement to succeed on a debt and foreclosure action in the Virgin Islands.

Mauldin is in default on the Note and Mortgage for failing to make payments due under those documents.  Plaintiff asserts that it owns and holds the Note and Mortgage, copies of which are included in the Docket.  (ECF Nos. 1-1, 1-2).  The Note provides that:

> Failure to pay when due any debt evidenced hereby or performance any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

(ECF No. 1-1 at 3). The Mortgage similarly provides that, if the Borrower defaulted, Plaintiff may "declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured and immediately due and payable." (ECF No. 1-2 at 4). Plaintiff has thus satisfied the second and third requirements for a debt and foreclosure claim.

The Court finds that this evidence is sufficient to shift the burden to Mauldin to "set forth specific facts showing that a genuine issue of material fact exists and that a reasonable fact-finder could rule in his favor" regarding the debt and foreclosure causes of action. *Hart v. Electronic Arts, Inc.,* 717 F.3d 141, 148 (3d Cir. 2015). While Mauldin answered the Complaint, he has not responded to Plaintiff's Motion for Summary Judgment. Thus, there is no challenge to any of the material facts contained in Plaintiff's Motion for Summary Judgment.

In view of the foregoing, the Court finds that there is no genuine issue of material fact regarding Mauldin's liability on Plaintiff's debt and foreclosure causes of action. Because Plaintiff has satisfied the requirements for debt and foreclosure under Virgin Islands law, summary judgment is appropriate.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's "Motion For Default Judgment Against All Unknown Defendants and for Summary Judgment Against Defendant Lamar C. Mauldin" (ECF No. 21) is **GRANTED**.

An appropriate Order accompanies this Memorandum Opinion.

ENTER:

Dated: January 23, 2020     /s/ George W. Cannon, Jr.
                            GEORGE W. CANNON, JR.
                            MAGISTRATE JUDGE